UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| STEVEN CLARKE, )<br>                    )<br>      Plaintiff   )<br>                    )<br>v.                    )   Civil No. 5-177-P-H<br>                    )<br>MICHAEL BLAIS, et al.,  )<br>                    )<br>      Defendants  )  | |

**Order on Motion to Compel**

On February 23, 2006, I held a telephone conference with Steven Clarke, proceeding pro se, and Michael Schmidt, Esq., attorney for county defendants.[1] During that telephone conference it became apparent that the discovery disputes between the parties could not be resolved at that time, and I instructed the parties to discuss the matter again between themselves. On March 2, 2006, I received a written communication from Clark indicating that his communications with Mr. Schmidt had not solved the discovery dispute. At that point I gave Clark leave to file a motion to compel discovery with specific instructions as to the form of the motion. (See Docket No. 31.) In response to my order two pro se motions to compel were received by the court. (Docket No. 32 & 33.) Upon examination of the two motions, I conclude that the pleading at Docket No. 32 was filed by Clarke before he received and reviewed my March 2, 2006, order regarding the filing of the motion to compel. In the actual motion to compel at Docket No. 33, Clarke followed the instructions contained within my order and defendants' counsel has responded to the issues raised by the Docket No. 33 motion, which I will

---

[1] One of the named defendants, Jonathan Coggleshell, is not represented by Attorney Schmidt. Counsel has now entered an appearance on behalf of the defaulted Coggleshell and the course of discovery vis-à-vis Coggleshell will be addressed after resolution of the now pending motion to set aside default. (Docket No. 39).

treat as the operative pleading, although I am cognizant of the correspondence and background information filed in Clarke's other correspondence with the court. Therefore the entry to the Docket No. 32 pleading is: **Motion terminated, order entered on Docket No. 33.**

## The Motion to Compel

Turning to the issues raised by Clarke's motion to compel, I note that the motion relates to two separate discovery initiatives undertaken by Clarke, a request for production of documents and the propounding of interrogatories. Taking a lead from the manner in which both Clarke and Attorney Schmidt addressed these issues, I will discuss each of the discovery initiatives separately.

### A. The Request for Production of Documents

**1.** In his first production of documents request Clarke requested "copies of all defendants' files of incidences pertaining to grievances, reprimands, and other documented complaints against all defendants." According to the defendants, none of them have any such documents in their personnel files, with the exception of Michael Stone. I cannot order the defendants to produce discovery they say does not exist. According to the privilege log prepared by Attorney Schmidt, there are eight responsive documents in Stone's file. It appears to me that five of those documents, a March 20, 2005, memorandum regarding a sexual harassment complaint, a March 20, 2005, memorandum regarding disciplinary write-ups to inmates, a subsequent Knox County Jail warning to Michael Stone regarding potentially unprofessional conduct, a January 29, 2002, warning regarding Stone being out of his assigned section, and a May 25, 2001, written reprimand for being late to work might arguably have relevance to this case. Clarke has disavowed any interest in the memoranda and notices involving counseling sessions. Clarke should notify Schmidt which of the five enumerated documents he seeks and

Schmidt is hereby ordered to provide those documents to Clarke, unless he can make a good faith argument that the requested document is not discoverable. If it is Attorney Schmidt's position that the document is not discoverable he shall submit a sealed version of the document for in camera review along with his evidentiary basis for withholding the document.

**2.**  In Paragraph Five of the request for production Clarke asked for the videotape of Cell # 124 from March 3, 2003, because that cell's videotape would contain images of Clarke being held in a five-point restraint. Defendants' counsel has explained that the videotape for that cell has been recycled and no longer exists. Therefore, it is not possible to order the defendants to make it available for Clarke's agent to view.

**3.**  In his request for production Paragraph 6 Clarke requested paper copies of all documents, including computer printouts, of Blais's "record keeping of the Plaintiff." Defendants initially objected to this request as vague. Nevertheless they provided paper copies of all of Blais's incident reports pertaining to Clarke. What they did not provide, and what is now the subject of the dispute, relates to the disciplinary hearing records or administrative decisions stemming from these incident reports. Defendants are absolutely correct that such reports are not within the literal meaning of records kept by Blais. However, having due regard for Clarke's pro se status, I am hereby ordering the defendants to provide to Clarke copies of any disciplinary hearing records or administrative decisions -- generated as a result of Blais's incident reports or for any other reason -- as they pertain to Clarke.

**4.**  In his request for production Paragraph 11 Clarke asked defendants to produce the maximum security block logs from March 2003 through December 2004 with any and all entries pertaining to Clarke. (Clarke has modified his request to exclude the period September 21, 2003, to January 11, 2004.) Defendants say that searching "thousands" of pages of logs to find entries

pertaining to Clarke would create an undue burden.  Clarke responds: "I disagree, it's hundreds probably."  The county defendants proposed resolving this dispute by allowing Clarke's agent access to the logs to peruse them and determine which pages, if any, were to be copied.  Clarke was not satisfied with this offer.

If Clarke can identify a very narrow time span when he believes there would be entries pertaining to him in this log, (I understand booking area logs of the date on which the incident in question arose have already been provided), I will order the county defendant to produce the logs of that narrow time span (not greater than forty-eight hours) if there are entries pertaining to Clarke during that period.  If Clarke believes there is more than one narrow time span that pertains to him he should so indicate.  But, in essence I am sustaining the defendants' objection and not requiring them to copy and produce the entire log for the almost one-year period.

### B.  The Answers to Interrogatories

**1.**  Clarke inquired in Interrogatory Number 2 whether the defendants had ever been named in a lawsuit.  Attorney Schmidt responded as to all of the defendants he represents.  Now Clarke seeks additional information about these lawsuits, not asked in his interrogatory.  Again, having due regard for Clarke's pro se status, I will order the defendants to provide Clarke with the caption, court of record, and docket number for any lawsuit filed against any of the county defendants during the six-year period prior to the commencement of this action.  If Clarke wishes additional information about the lawsuits, he will need to arrange to have someone contact the various courts that may have custody of these records.

**2.**  Defendants are ordered to provide Clarke with the names and business addresses of all witnesses **that they know have knowledge of these events.**  Clarke's Interrogatory Number 3 asked for the names of witnesses who will support his claim and the defendants responded that

4

they know of no such witnesses.  Again, I believe the semantic difficulties arise because of Clarke's pro se status and his inability to frame the proper question.  I order the county defendants to provide a complete list of all witnesses now known to them with knowledge of these events.

  **3.** In Interrogatory Number 4 Clarke requested "any and all information on policy and procedure or custom or practice to do with care of chronic care inmates at the Knox County Jail"  Defendants responded by providing applicable copies.  It appears to me that Clarke may be seeking specific documentation from Coggleshell who is now represented by other counsel and those discovery requests will have to be addressed when Clarke serves discovery on Coggleshell.  This request has been satisfied by the county defendants.

  **4.** Interrogatory Number 7 seeks the names (and, as modified, business addresses only) of any person with knowledge concerning the occurrence and plaintiff's damages.  Defendants have incorporated the names of the witnesses listed with respect to Interrogatory Number 6.  Defendants are to supplement this interrogatory as ordered with regards to Interrogatory Number 3, with names of any person of whom they are aware who has knowledge of these events.  As they learn of new people with knowledge, they must supplement this answer.   Nurse John, in Clarke's mind, is a person with knowledge of his injuries/damages and Nurse John is not mentioned in the answer to Interrogatory Number 6, although the nurse is mentioned in answer to Interrogatory Number 8 which asks for any statement made by the nurse.  If the defendants have any written reports from Nurse John they are to furnish them to Clarke.  Otherwise they do not need to supplement this interrogatory answer.

  **5.** The defendants' answer to Interrogatory Number 10 needs some clarification.  First, the defendants have not answered whether any of the other defendants, in addition to Blais, were

ever the subject of an excessive force and/or assault complaint that resulted in some type of report.  Apparently Clarke believes there are records involving three named individuals and Blais, but he asked the defendants to identify <u>any</u> records as to all defendants.  Attorney Schmidt has responded that there are no records involving Peggy Kenney.  However, his responses involving Grey and Hilt records are unclear.  Defendants are ordered to clarify this response: (1) as to all other defendants they are ordered to indicate whether any records exist and, if so, what they consist of; and (2) as to Blais they are to identify what records do exist vis-à-vis the Hilt and Grey complaints.

Based upon the foregoing, the docket entry will be:  **On Docket No. 33, the motion to compel is granted to the limited extent set forth in this order.**

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

March 28, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge